UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 14 2017
JEFFREY P. ALLSTEADT, CLERK

| | | |
|---|---|---|
| In Re:<br>______DAVID M. LEWIS<br>xxx-xx-1367<br><br>Debtor | ) | **Chapter No.** 7<br><br>**Case No.** 17-07841 |
| DAVID M. LEWIS<br><br>Plaintiff<br><br>v. | ) | **Adv. No.**____________________ |
| NAVIENT<br>NAVIENT CORPORATION<br>SALLIE MAE, INC. | ) | |

**DEBTOR'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**
11 U.S.C. § 523(a)(8)

1. On 13th of March, 2017, the Debtor DAVID M. LEWIS filed a voluntary petition under Chapter 7 of the Bankruptcy Code, case number 17-07841, in the Eastern Division of the United States Bankruptcy Court for the Northern District of Illinois.

2. This court has subject matter jurisdiction over the instant proceeding

pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## PARTIES

4. The Plaintiff is a natural person presently residing in Illinois and is the Debtor in the associated bankruptcy case.

5. The UNITED STATES DEPARTMENT OF EDUCATION (ED) is an executive agency of the government of the United States of America.

6. The NAVIENT CORPORATION AND NAVIENT U.S. DEPARTMENT of EDUCATION LOAN SERVICING PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY is a Pennsylvania corporation doing business as NAVIENT, with a principal place of business at 123 Justison Street, Wilmington DE, PO Box 9500, Wilkes Barre, PA 18773, and a registered agent in the Corporation Trust Center in care of The Corporation Trust Company, 1209 Orange Street, Wilmington, DE.

7. SALLIE MAE, INC., (SLM) is a Delaware for Profit Corporation with (according to the Massachusetts Secretary of State, Corporations Division) its' principal office at 2001 Edmund Halley Dr., Reston, VA, 20191-3436 and having a registered agent in the Commonwealth in care of CT Corporation System, 155 Federal Street, Ste., 700, Boston, MA 02110.

## FACTS

8. The Plaintiff became indebted prior to the 31st of December, 2005 to one or more of the Defendants for unsecured debts listed in Schedule E/F used to finance his education. He is uncertain of the amount owed.

9. The Plaintiff is uncertain who owns or is in physical possession of the Promissory note(s) evidencing the debt.

10. The Plaintiff is a subject of a long term terminal illness with regards to two close elderly family members (father-in-law and blood elderly sister), deceased 2006 and 2009 respectively, thereafter impairing his ability to maintain uninterrupted and continued employment/earnings, due to providing prolong long-term terminal illness health care.

11. The Plaintiff is sixty-six years old and unemployed.

12. The Plaintiff asserts for the past several years is unable to make the monthly payments on the student debts without further causing more extreme undue financial hardship.

13. The Plaintiff is granted the requisite allowable deferments of payments, and the most recent two years has repeatedly reapplied for the Income-Driven Repayment Plan Request to suspense monthly payments, to postpone default on monthly repayments of the student debts, and given his age is unlikely to become gainfully employed, and is further without the possibilities of gainful employment, and is highly likely to continue to experience undue hardship in making honest attempts to pay the student debts.

14. The only income received by the Plaintiff consists of a monthly $1,580.00 social security, a $389.78 retirement plan benefit and a $400.00 bookkeeping services respectively, which barely suffices for the monthly necessities of life; and with his wife 64 years old, unemployed, consists of a small volunteer compensation of $500.00 and $783.00 social security benefits.

15. The Plaintiff's family size of two falls within the Federal guidelines category of 150% below the poverty income level for a family of two and both are well below the median income for Illinois.

16. The Plaintiff has a desire to repay all or some portion of his educational loan debt, however, due to the Plaintiff's unemployment and lack of wherewithal, he is and still remains unable to repay his educational debts including accrued interest.

17. The Plaintiff asserts that he has no current or anticipated available income or resources with which to pay the aforementioned loan and any payments on that loan could be made only at great hardship to the Plaintiff and his spouse. The debt for educational loans incurred prior to the 31th of December, 2005 should be discharged because repayment would constitute an undue hardship debtor and the debtor's dependents within the meaning of 11 U.S.C. § 523(a)(8).

## RELIEF REQUESTED

**WHEREFORE**, the plaintiff respectfully requests that this court might

(a) adjudge and decree that all or designated portions of his debt for educational loans incurred prior to the 31th of December, 2005 were discharged in the Plaintiff's related bankruptcy case;

(b) issue an order forbidding the holders of such loans to attempt to collect any amounts determined to be non-dischargeable otherwise than by sending regular monthly statements that contain no threats of legal or other action for nonpayment;

(c) enjoin the holder(s) or servicers from attempting to enforce any judgment obtained otherwise than in accordance with the order prayed for herein;

(d) enjoin the holder(s) or servicers from disclosing the Plaintiff's physical

address to any person, public or private agency, organization or entity of any type or to any sources of public record, information, or database accessible directly or indirectly without first obtaining leave to do so from this Court, and

(e) issue such further orders as justice may require.

Dated: March 13, 2017

DAVID M. LEWIS
Pro Se Litigant

David M. Lewis
540 N Lake Shore Drive
Chicago, IL 60611

Phone: (312) 307-0028
E-mail: lewisdavidm@yahoo.com

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** David M. Lewis | **DEFENDANTS** Navient; Navient Corporation; Sallie Mae, Inc |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor's complaint to determine dischargeability of student loans 11 U.S.C. 523(a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☒ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 14 2017
JEFFREY P. ALLSTEADT, CLERK

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 40,000.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>David M. Lewis | BANKRUPTCY CASE NO.<br>17-07841 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Deborah Kanner Ebner |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>David M. Lewis | | |
| DATE<br>5/4/2017 10:00AM | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M Lewis | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.